IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

TAMMY R. NOLF, etc.,        }
                            }
    Plaintiff,              }
                            }
                            }   CIVIL ACTION NO.
v.                          }
                            }   00-AR-0423-J
ALABAMA POWER COMPANY, et   }
al.,                        }
                            }
    Defendants.             }

**MEMORANDUM OPINION**

At the status conference held on this date, plaintiff, Tammy R. Nolf, in her capacity as Administrator of the Estate of Dakota Gene Nolf, deceased, filed in open court a motion to remand the case to the Circuit Court for Walker County, Alabama, from whence it was removed by defendant, Orion American, Inc. Although there may be other reasons why the removal was ineffectual, including those contained in plaintiff's motion, the following reasons appear from today's colloquy between the court and counsel.

   1. Counsel for defendant, Alabama Power Company, revealed that Alabama Power Company had been requested by Orion American, Inc., to join in the removal but had declined. All defendants must join in a removal for the removal to be effectual.

   2. Counsel for the removing defendant asserted that he had concluded that the original complaint failed to state a claim

against Alabama Power Company, the non-diverse defendant, when he first reviewed the complaint, much longer than 30 days ago. A removal must take place within 30 days of the ascertainment of a basis for removal.

3. For this court to allow removal based on an allegation of fraudulent joinder under these procedural circumstances would be to usurp the state court's authority, including the authority of the appropriate state reviewing court, to deny or to grant final judgment in favor of Alabama Power Company.

4. The original complaint, upon which the question of removability must be ascertained, reflects a viable, if inartfully pleaded, cause of action against Alabama Power Company. In other words, this court respectfully disagrees with the opinion of removing defendants' counsel referred to in paragraph 2 above.

5. Assuming, *arguendo*, that matters learned during discovery subsequent to the filing of the original complaint can provide a basis for concluding that a party was initially, fraudulently joined and thereby create a triggering event for removal, such a theoretical basis appeared more than 30 days before this removal.

6. The notice of removal fails to allege the existence of the $75,000 jurisdictional amount for a diversity removal.

A separate order granting plaintiff's motion to remand will be entered.

DONE this 3rd day of March, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3